UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONALD WILLINGHAM,<br><br>                Petitioner,<br><br>   vs.<br><br>SEVENTH JUDICIAL CIRCUIT COURT OF PENNINGTON COUNTY and ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>                Respondent. | 5:21-CV-5001-KES<br><br>REPORT AND RECCOMENDATION |

## INTRODUCTION

This matter is before the court on Petitioner Donald Willingham's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Mr. Willingham filed the pending habeas petition on January 4, 2021. Id. Respondent filed a Motion to Dismiss Mr. Willingham's petition on January 12, 2022. (Doc. 8). The pending matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS AND PROCEDURAL HISTORY

On October 24, 2015, Mr. Willingham was a passenger in a Suburban which was pulled over as the result of a traffic stop conducted by South Dakota Highway Patrol Trooper Zac Bader just east of Rapid City, South Dakota. During the course of the stop, Trooper Bader located marijuana in the vehicle and he attempted to place the vehicle occupants under arrest. Mr. Willingham resisted arrest and beat Trooper Bader to the point where he was barely

conscious. Mr. Willingham and the other vehicle occupants fled the scene. Trooper Bader suffered extensive, life-threatening injuries. A Pennington County grand jury indicted Mr. Willingham for first-degree murder, alternative counts of aggravated assault on a law enforcement officer, possession of marijuana with the intent to distribute, possession of marijuana, and commission of a felony with a firearm.

A three-day jury trial was held in December 2017. At the conclusion of the trial, the jury found Mr. Willingham guilty of counts 1, 2, 4, 5 and 6. The circuit court sentenced Mr. Willingham to twenty-five years of imprisonment on Count 1 (attempted first degree murder charge); twenty-five years of imprisonment on Count 2 (aggravated assault on a law enforcement officer) to be served concurrently with Count 1; fifteen years of imprisonment on Count 4 (possession of marijuana with intent to distribute) to be served consecutive to Count 1 and Count 2; fifteen years of imprisonment on Count 5 (possession of marijuana) to be served concurrently with Count 4 and consecutive to Counts 1 & 2: and five years of imprisonment on Count 6 (commission of a felony with a firearm) to be served consecutively to Count 4 and Count 5). Collectively, the sentence amounted to forty-five years of imprisonment. The circuit court also imposed significant fines and restitution.

Mr. Willingham timely appealed and the South Dakota Supreme Court affirmed his conviction on September 11, 2019. Currently, Mr. Willingham is in the custody of the South Dakota State Penitentiary.

Following his conviction, Mr. Willingham filed a writ of habeas corpus in South Dakota state court which was dismissed on January 14, 2020, for failure to state a claim upon which relief could be granted. Mr. Willingham did not appeal the dismissal to the South Dakota Supreme Court; nor did he seek a certificate of probable cause either with the circuit court or the state supreme court. Mr. Willingham filed this federal habeas action on January 4, 2021.

For the reasons discussed below, this court respectfully recommends granting Respondent's Motion to Dismiss (Doc. 8) and dismissing Mr. Willingham's § 2254 habeas petition (Doc. 1).

## DISCUSSION

### I. Applicable Legal Standards

#### A. Fed R. Civ P. 12(b)(6) Motion to Dismiss

Respondent's motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted. Petitioners must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v.

3

Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a petitioner armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged-but has not "show[n]" that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679.

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to

the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  These are the principles guiding the court's evaluation of respondents' motion.

B. **Principles Generally Applicable to § 2254 Petitions**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions." Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405–06 (2000).  A federal habeas court may not issue the writ merely because it concludes the

state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be unreasonable." Id.

### C.     Time Limits for Filing § 2254 Petitions

Section 2254 of Title 28 of the United States Code controls when a person in state custody pursuant to a state court judgment applies for a writ of habeas corpus in federal courts "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 (2007). Section § 2244(d)(1) of Title 28 of the United States Code sets out the statute of limitations for federal habeas cases filed under § 2254. See 28 U.S.C. § 2244(d). AEDPA requires "a state prisoner seeking federal habeas corpus relief to file his federal petition within a year after his state conviction becomes final." Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Specifically, § 2244(d)(1), in relevant part, states that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

28 U.S.C. § 2244(d)(1).

When a state court criminal judgment becomes "final" was the subject of the Supreme Court opinion in Gonzalez v. Thaler, 565 U.S. 134 (2012). When a defendant pursues a direct appeal all the way to the state's highest court, a

6

conviction becomes final for purposes of commencing the statute of limitations period, at "the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). When a defendant pursues a direct appeal to the state's highest court, he gets the benefit of the 90-day period for petitioning for certiorari in the United States Supreme Court, whether he in fact files such a petition or not. Gonzalez, 565 U.S. at 149-50 (citing Jimenez v. Quarterman, 555 U.S. 113 (2009); and Clay v. United States, 537 U.S. 522 (2003)). The statute of limitations begins to run either upon the denial of the petition for certiorari if one was filed, or upon the expiration of the 90-day period for filing such a petition if the defendant did not file a petition for certiorari. Id.

However, when a defendant does not pursue a direct appeal, or does not pursue his direct appeal all the way to the state's court of last resort, the calculation of the one-year limitations period is different. For such defendants, the AEDPA statute of limitations begins to run when the time for seeking direct review with the next highest court expires. Gonzalez, 565 U.S. at 150. Thus, in South Dakota, if a defendant appeals to the South Dakota Supreme Court (there being no state court intermediate court of appeals), his judgment becomes final 90 days following the issuance of the South Dakota Supreme Court's opinion affirming the conviction because that is the period of time allowed to seek review at the next highest level--in this case, the United States Supreme Court. If a South Dakota state court defendant does not pursue a

7

direct appeal to the South Dakota Supreme Court, his judgment becomes final 30 days after the state circuit court judgment is filed because that is the period of time allowed for seeking appeal to the South Dakota Supreme Court. See SDCL § 23A-32-15.

The one-year AEDPA limitations period is tolled--or does not include--the time during which a properly filed application for state post-conviction or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); See 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003).

Here, Mr. Willingham timely appealed his state court judgment to the South Dakota Supreme Court. The South Dakota Supreme Court's decision was issued on September 11, 2019. Therefore, Mr. Willingham's judgment became final 90 days following the South Dakota Supreme Court's opinion affirming the conviction, which would have been in December of 2019. However, approximately 50 days into the 90-day appeal window to the United State Supreme Court, Mr. Willingham filed a state habeas proceeding on November 18, 2019, which tolled the statute of limitations. The state court denied Mr. Willingham habeas relief on January 14, 2020. Therefore, the statute of limitations did not begin running until January 14, 2020. Mr.

Willingham's petition was filed on January 4, 2021, and therefore, was timely filed.

### D. State Court Exhaustion

Under AEDPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)  (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the

disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Id. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b).  Therefore, federal courts should dismiss a petition that contains claims which the petitioner did not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).  The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

## II.   Exhaustion of State Remedies/Procedural Default

Mr. Willingham's § 2254 petition alleges: 1) ineffective assistance of counsel; 2) improper selection of the jury; and 3) improper charging documents.  (Doc. 1).  On appeal to the South Dakota State Supreme Court, Mr. Willingham raised three issues on appeal: 1) whether defendant's motion to

suppress his statements should have been granted; 2) whether defendant's motion to suppress evidence seized from the traffic stop should have been granted; and 3) whether the trial court should have denied defendant's proposed jury instructions on a lesser included offense.  The South Dakota Supreme Court found no error with the circuit court's rulings and affirmed Mr. Willingham's conviction on September 11, 2019.

On November 18, 2019, Mr. Willingham filed an application for writ of habeas corpus in state court with the Seventh Judicial Circuit.  (Doc. 9-5).  In the state court habeas action, Mr. Willingham's petition alleged the following: 1) ineffective assistance of counsel/violation of due process; and 2) that he was denied the right to choose a jury of his own peers.  Id.  On December 12, 2019, the state moved to dismiss the habeas petition.  On January 14, 2020, the Honorable Craig A. Pfeifle issued a memorandum opinion and order dismissing the habeas petition.  Specifically, in regards to his ineffective assistance of counsel claim, Judge Pfeifle stated, "Petitioner's allegations are unspecific, conclusory, and speculative.  Willingham does not provide any examples or an analysis of how his attorney(s) provided him with ineffective assistance.  Consequently, the claims are subject to dismissal."  (Doc. 9-6 at p. 4).  Regarding his defective jury selection claim, the court also found this claim to be unspecific, conclusory, speculative and lacking examples or legal argument.  Id.  Additionally, Judge Pfeifle noted that this claim was procedurally defaulted because Mr. Willingham did not raise this issue on direct appeal to the South Dakota Supreme Court.  Id.

Mr. Willingham did not appeal the dismissal of the habeas petition to the South Dakota Supreme Court. However, in June of 2020, Mr. Willingham filed what he captioned, "Motion for Mistrial" and "Motion for Suppression Evidentiary Affidavit" with file numbers for both his habeas case and his underlying criminal case. The substance of the mistrial motion argues, in more specific detail than his state habeas petition, that 1) counsel was ineffective for failing to move for a change of venue; 2) that defendant did not have a fair cross section for a jury pool; and 3) the evidence of the case supported a charge of aggravated assault rather than attempted murder. The substance of the suppression motion argues, in more detail than his state habeas petition, that 1) counsel was ineffective for failing to bring a plea offer, if one existed; 2) counsel was ineffective for allowing the defendant to participate in the challenge or selection of jurors; and 3) that the evidence did not meet the elements of the charges. On June 24, 2020, Judge Pfeifle issued a letter finding that Mr. Willingham's submissions were actually a second or subsequent habeas application, of which he did not qualify to file another application.

Shortly thereafter, Mr. Willingham resubmitted the same documents in his state court habeas case. Judge Pfeifle responded on July 14, 2020, again construing the pleadings as a second or successive petition, and returned the documents as the court did not give him permission to file another application. Mr. Willingham did not request a certificate of probable cause from the circuit

court; nor did he request a certificate of probable cause from the State Supreme Court.

As stated above, a federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker, 5 F.3d at 1179. Therefore, a federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992).

A four-step analysis applies to determine whether a federal court can consider a habeas petition when the petitioner had not presented the claims to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). Initially, "the court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." Id. If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. Id. (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)). If a state remedy does not exist, the court must determine whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. (quoting Laws, 834 F.2d at 1415). If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice

to his defense resulting from the state court's failure to address the merits of the claim." Id. The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. Id.

### A. Did Willingham fairly present the federal constitutional dimensions of his federal habeas corpus claim to the state courts?

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971). It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie, 843 F.2d at 297 (citing Laws, 834 F.2d at 1412). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179. This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

14

Here, Mr. Willingham's claim is clearly not exhausted at the state level. Following the circuit court's denial of his habeas petition, Mr. Willingham had the opportunity to pursue further relief, including requesting a certificate of probable cause from the circuit court and requesting a certificate of probable cause from the state Supreme Court if the circuit court refused to issue such a certificate. See SDCL § 21-27-18.1. Mr. Willingham did neither in this case. Therefore, it is clear he has not exhausted his state court remedies.

**B.     Are there currently available, non-futile state remedies?**

"Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." Smittie, 843 F.2d at 297 (citing Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir. 1975)). When a petitioner fails to exhaust state remedies, the federal court normally should dismiss the petition without prejudice to allow the petitioner to properly exhaust his remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). "However, such dismissal is not an appropriate course of action where there are no nonfutile avenues of relief available to the petitioner in state court." Kurtenbach v. Dooley, No. 5:15-CV-05063-JLV, 2016 WL 11407827, at *8 (D.S.D. July 28, 2016), report and recommendation adopted, 2016 WL 5135915 (D.S.D. Sept. 21, 2016).

The statute of limitations under South Dakota law for Mr. Willingham to bring a state habeas petition is two years. See SDCL § 21-27-3.3. Here, no further avenues of nonfutile relief are available to Mr. Willingham in state

court, as the two year statute of limitations has lapsed. But that does not equate with a conclusion that this court is now free to review the merits of his federal constitutional habeas claims. Instead, the court must analyze the application of the procedural default doctrine to Mr. Willingham's case.

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default. Both doctrines are animated by the same principals of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. 509). While the exhaustion rule asks *whether* a petitioner has exhausted his remedies in state court, the procedural default rule asks *how he has exhausted*: did the petitioner *properly* exhaust those remedies under state law? O'Sullivan, 526 U.S. at 848.

"Procedural default" occurs when a habeas petitioner fails to follow a state procedural rule in presenting his federal constitutional claim in the state courts. Trevino v. Thaler, 569 U.S. 413, 421 (2013). The doctrine of "procedural default" is intended to "prevent federal courts from interfering with a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." Id. If a habeas petitioner "procedurally defaults" a claim in state court by failing to follow a state procedural rule, and if the last state court "rendering a judgment in [petitioner's] case 'clearly and expressly' states that its judgment rests on a

16

state procedural bar," then federal courts may not consider a federal claim on the merits. Harris v. Reed, 489 U.S. 255, 263 (1989). This is true even if the state court also addresses the claim on the merits in the alternative. Id. at 264 n.10.

If federal courts allowed procedurally defaulted claims to be heard on their merits in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules. Coleman, 501 U.S. at 731-32, 735 n.1. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies. Here, it would be pointless to remand Mr. Willingham back to state court as there are no more state remedies available to him, as the two year statute of limitations has elapsed.

A state procedural default bars federal habeas review ***unless*** the petitioner can demonstrate (1) "cause" for the default *and* (2) actual prejudice as a result of the violation of federal law. Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added). Here, Mr. Willingham has procedurally defaulted his claim in state court because he failed to move the South Dakota Supreme Court for a certificate of probable cause. Therefore, the court turns next to an analysis of whether Mr. Willingham has established cause and prejudice.

### C. Cause and Prejudice

"The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . ." Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The habeas petitioner must show that "some objective factor *external to [petitioner]* impeded [his] efforts." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies. Murray, 477 U.S. at 488. A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. See Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994); Smittie, 843 F.2d at 298. Illiteracy or low intelligence are also not enough to demonstrate cause. See Criswell v. United States, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub'd.); Cornman, 959 F.2d at 729. Finally, neither is ignorance of the law. Maxie v. Webster, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub'd.).

Mr. Willingham has failed to respond to the government's motion to dismiss or to state any basis for the "cause" of his procedural default. If no "cause" is found, the court need not consider whether actual prejudice occurred. Maynard, 981 F.2d at 495; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted). Furthermore, Mr. Willingham has not

demonstrated a "fundamental miscarriage of justice."[1]  Murray, 477 U.S. 478, 785 (1986) (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982).

The doctrine of procedural default is not intended to "create a procedural hurdle on the path to" federal habeas relief.  Mellott, 63 F.3d at 784.  However, strong comity concerns underlie the reason for the rule's adoption.  Id.  Mr. Willingham has not alleged any grounds which would support a finding by this court that "cause" exists which would excuse his failure to comply with the state's rules.  Accordingly, the court recommends that Mr. Willingham's federal habeas petition be dismissed, again for procedural default.  A dismissal on grounds of procedural default is a dismissal *with* prejudice, unlike a dismissal for failure to exhaust state remedies, which is without prejudice.  See Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default).

## CONCLUSION

Based on the foregoing facts, law and analysis, the court respectfully recommends the following:

1. Respondent's Motion to Dismiss (Doc. 8) be granted; and

2. Mr. Willingham's § 2254 petition (Doc. 1) be dismissed with prejudice.

---

[1] To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence.  Schlup v. Delo, 513 U.S. 298, 321, (1995).  A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence.  Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).  Mr. Willingham does not invoke the fundamental-miscarriage-of-justice exception, so the court does not analyze that issue.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of May, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge