UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONALD WILLINGHAM,<br><br>  Petitioner,<br><br>vs.<br><br>SEVENTH JUDICIAL CIRCUIT COURT OF PENNINGTON COUNTY and ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>  Respondents. | 5:21-CV-05001-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR CERTIFICATE OF APPEALABILITY |

Petitioner, Donald Willingham, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. In his petition, Willingham seeks habeas relief. *Id.* The petition was assigned to United States Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B), and this court's April 1, 2018 standing order. On January 12, 2022, respondents moved to dismiss Willingham's petition. Docket 8.

On May 17, 2022, Magistrate Judge Wollmann filed a report and recommendation that recommended dismissal with prejudice of all of Willingham's habeas claims because Willingham failed to exhaust his state court remedies and those claims are now procedurally defaulted. Docket 10. Additionally, the report and recommendation recommends that the court find that federal habeas review is barred because Willingham has not shown cause and actual prejudice. *Id.*

1

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Willingham did not file objections to Magistrate Judge Wollmann's report and recommendation. After de novo review of the record, the court adopts the report and recommendation in full and dismisses Willingham's petition.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Willingham fails to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied as to all claims.

Thus, it is ORDERED

1. Magistrate Judge Wollmann's report and recommendation (Docket 10) is adopted in full.

2. Respondents' motion to dismiss (Docket 8) is granted, and Willingham's petition is dismissed with prejudice.

3. A certificate of appealability is denied.

Dated June 3, 2022.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE